IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | | |
|---|---|---|
| **MARK HEHMAN** | : | Case No. _____ |
| 328 Heritage Oak Court | : | |
| Cincinnati, OH  45238 | : | Judge _____ |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN SECURITY PROGRAMS, INC.** | : | **COMPLAINT WITH JURY DEMAND** |
| 1881 Campus Commons Drive #105 | : | |
| Reston, VA  20191 | : | |
| | : | |

And

**UNITED STATES OF AMERICA**
c/o Civil Process Clerk
U.S. Attorney's Office for the
Eastern District of Kentucky
260 W. Vine St., Suite 300
Lexington, KY 40507

DEFENDANTS.

For his Complaint against Defendant American Security Programs, Inc., Plaintiff Mark Hehman states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Mark Hehman ("Hehman") is an individual residing in Hamilton County, Ohio. At all times relevant, he was a qualified individual with a disability as that term is defined in 42 U.S.C. § 12111(8) and Kentucky Rev. Stat. 344.030(1), and was over 40 years old.

2. Defendant American Security Programs, Inc.("ASP") is upon information and belief a Virginia corporation with its principal office in Reston, Virginia.  ASP is an employer within the meaning of 42 U.S.C. 12111(5) and Kentucky Rev. Stat. 344.030(2).

3. Defendant United States of America, through the Department of Treasury and the Internal Revenue Service (IRS), is an employer within the meaning of 42 U.S.C. 12111(5) and Kentucky Rev. Stat. 344.030(2).

4. This Court has jurisdiction over Counts I, II, III, and VI pursuant to 28 U.S.C. § 1331 because those claims are based on federal law, 42 U.S.C. § 12101, et seq., the Americans With Disabilities Act, and 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act.

5. This Court has jurisdiction over Counts IV, V, and VII pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims in Counts I and II that they form part of the same case or controversy.

6. Venue is appropriate in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391(b) because a substantial amount of the conduct giving rise to Mr. Hehman's claims occurred with the Eastern District of Kentucky.

7. Plaintiff Hehman timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. On April 25, 2018. Plaintiff received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission authorizing him to file suit his claims under the Americans with Disabilities Act and the Age Discrimination in Employment Act.

## FACTUAL ALLEGATIONS

8. Mr. Hehman began his employment as a security guard at the Internal Revenue ("IRS") Covington, Kentucky office in 2002.

9. Mr. Hehman was diagnosed with a disability, Atrial Fibrillation ("A-fib") in 2013. Mr. Hehman's A-fib is a disability within the meaning of the Americans With Disabilities Act.

10. Despite his A-fib, and under the supervision of his physician, Mr. Hehman was at all times able to perform the essential functions of his job as security guard at the IRS Covington, Kentucky office without an accommodation.

11. Sometime in 2016 Defendant ASP was awarded the contract to provide security services for the IRS Covington, Kentucky office, where Mr. Hehman had worked since 2002.

12. AS part of ASP's takeover of the security contract for the IRS, ASP began the process of hiring substantially all of the existing security personnel, including Mr. Hehman, at the Covington location. In the summer and fall of 2016, ASP had all security personnel go through onboarding procedures, complete paid training, and undergo physical and job-related testing.  Mr. Hehman was to be paid as an employee of ASP for this training.

13. During training, ASP employees gave Mr. Hehman and other older employees undue criticism and reprimands.  Multiple employees age 60 and above discontinued their training as a result of this inequitable treatment.

14. Mr. Hehman successfully completed all aspects of the training required by ASP.

15. Through its contract with ASP, the IRS exercised significant control over numerous aspects of the hiring and employment of security personnel by ASP, including the training and medical certification of security personnel to be retained by ASP.

16. ASP required all security personnel to undergo certain medical testing that had the effect of discriminating against older and disabled employees and which was unrelated to any essential function of the job.  This testing was performed because it was required by the IRS.

17. Mr. Hehman notified ASP that his personal physician had recommended that ASP waive this single medical test and provided a certification from his physician attesting that he could

perform the essential functions of the position as described by ASP. Mr. Hehman informed ASP that he had a disability.

18. ASP refused to waive any aspect of the medical testing or otherwise accommodate Mr. Hehman's disability. Mr. Hehman was informed that a waiver was not permitted under ASP's contract with the IRS.

19. In January 2017, Mr. Hehman was informed by a representative of ASP that his employment would be discontinued as of January 10, 2017, the date ASP officially assumed security responsibilities, if he could not pass all medical testing required by the IRS as administered by ASP. January 10, 2017 was Mr. Hehman's last day of employment at the IRS facility. Mr. Hehman was 69 years old.

20. ASP and the IRS discriminated against Mr. Hehman in violation of the Americans with Disabilities Act, as amended, and the Age Discrimination in Employment Act, as amended, when they mandated medical testing that was unfairly discriminatory toward older and disabled employees, when they refused to accommodate Mr. Hehman's disability, and when they terminated or forced the termination of his employment.

## COUNT I
### Disability Discrimination—42 U.S.C. §12112

21. Plaintiff reiterates the allegations contained in paragraphs 1 through 20 of the Complaint as if fully restated herein.

22. Plaintiff has a physical impairment, atrial fibrillation, which is a disability under the Americans With Disabilities Act.

23. Defendants had knowledge of Plaintiff's disability.

24. Plaintiff was at all times qualified to perform the essential functions of the job of security officer.

25.     Plaintiff asked for the minor accommodation of waiver of one aspect of the medical test, which adversely affected him and other older applicants.

26.     APS refused, allegedly at the instruction of the IRS, to waive this part of the medical test, which resulted in Plaintiff's disqualification.

27.     As a direct and proximate result of Defendants' discrimination, Plaintiff lost the position he had held for 15 years, and has incurred damages including lost wages, lost benefits, and other compensation. Plaintiff also suffered emotional distress as a result of Defendant's illegal actions.

## COUNT II
### Failure to Accommodate—42 U.S.C. §12112

28.     Mr. Hehman repeats the allegations in paragraphs 1 through 27 of the Complaint as if fully restated herein.

29.     Plaintiff has a physical impairment, atrial fibrillation, which is a disability under the Americans With Disabilities Act.

30.     Defendants had knowledge of Plaintiff's disability.

31.     Plaintiff was at all times qualified to perform the essential functions of the job of security officer.

32.     Plaintiff asked for the minor accommodation of waiver of one aspect of the medical test, which adversely affected him and other older applicants.

33.     APS refused, allegedly at the instruction of the IRS, to waive this part of the medical test, which resulted in Plaintiff's disqualification.

34. As a direct and proximate result of Defendants' discrimination, Plaintiff lost the position he had held for 15 years, and has incurred damages including lost wages, lost benefits, and other compensation. Plaintiff also suffered emotional distress as a result of Defendant's illegal actions.

## COUNT III
### Regarded As Disabled—42 U.S.C. §12112

35. Mr. Hehman repeats the allegations in paragraphs 1 through 34 of the Complaint as if fully restated herein.

36. Defendants' regarded Mr. Hehman as having a disability which prevented him from performing the essential functions of the job of security guard.

37. Plaintiff was at all times qualified to perform the essential functions of the job of security officer.

38. As a direct and proximate result of Defendants' discrimination, Plaintiff lost the position he had held for 15 years, and has incurred damages including lost wages, lost benefits, and other compensation. Plaintiff also suffered emotional distress as a result of Defendant's illegal actions.

## COUNT IV
### Disability Discrimination—Ky. Rev. Stat. 344.450

39. Mr. Hehman repeats the allegations in paragraphs 1 through 38 of the Complaint as if fully restated herein.

40. The actions of defendants as described herein above constitute disability discrimination under Kentucky Rev. Stat. 344.450.

41. As a direct and proximate result of Defendants' discrimination, Plaintiff lost the position he had held for 15 years, and has incurred damages including lost wages, lost benefits,

and other compensation. Plaintiff also suffered emotional distress as a result of Defendant's illegal actions.

## COUNT V
### Failure to Accommodate– Ky. Rev. Stat. 344.450

42. Mr. Hehman repeats the allegations in paragraphs 1 through 41 of the Complaint as if fully restated herein.

43. The actions of defendants as described herein above constitute failure to accommodate a disability and disability discrimination under Kentucky Rev. Stat. 344.450.

44. As a direct and proximate result of Defendants' discrimination, Plaintiff lost the position he had held for 15 years, and has incurred damages including lost wages, lost benefits, and other compensation. Plaintiff also suffered emotional distress as a result of Defendant's illegal actions.

## COUNT VI
### Age Discrimination—29 U.S.C. 621 *et seq.*

45. Mr. Hehman repeats the allegations in paragraphs 1 through 44 of the Complaint as if fully restated herein.

46. When Mr. Hehman's employment ended, he was 69 years old.

47. Upon information and belief, he was replaced with a substantially younger person.

48. Mr. Hehman was well qualified for the position for which he applied and from which he was terminate.

49. The discharge of Mr. Hehman by Defendant's was motivated by his age.

50. Defendants acted with ill will or a spirit of revenge, and they exhibited a conscious disregard for Mr. Hehman's rights that had a great probability of causing substantial harm.

51. Mr. Hehman was injured by Defendants' conduct and is entitled to relief.

## COUNT VII
## Age Discrimination— Ky. Rev. Stat. 344.040

52. Mr. Hehman repeats the allegations in paragraphs 1 through 51 of the Complaint as if fully restated herein.

53. Defendants' actions described hereinabove constitute age discrimination under Ky. Rev. Stat. 344.040.

54. Defendants acted with ill will or a spirit of revenge, and they exhibited a conscious disregard for Mr. Hehman's rights that had a great probability of causing substantial harm.

55. Mr. Hehman was injured by Defendants' conduct and is entitled to relief.

**WHEREFORE,** Plaintiff Mark Hehman demands judgment against Defendant American Security Programs and the United States of America as follows:

1. An award of back pay in the amount he would have earned from the date of his wrongful termination until the date of judgment, including wages, benefits, and prejudgment interest;

2. An equal amount in liquidated damages;

3. Reinstatement, or if reinstatement is not deemed appropriate, an award of front pay equal to the amount he would have earned from the date of judgment forward;

4. An award of compensatory damages to compensate Plaintiff Hehman for the emotional distress and other damages he has suffered as a result of Defendants' wrongful actions;

5. An award of punitive damages;

6. An award of attorney fees and costs; and

7. An award of all other legal and equitable relief to which he may be entitled.

**Jury Demand**

Plaintiff, by and through counsel, demands a trial by jury on all matters so triable.

                                              Respectfully submitted,

                                              /s/ Robert A. Klingler
                                              Robert A. Klingler (87286)
                                              ROBERT A. KLINGLER CO., L.P.A.
                                              525 Vine Street, Suite 2320
                                              Cincinnati, OH  45202-3133
                                              Telephone:  (513) 665-9500
                                              Facsimile:  (513) 621-3240
                                              Email:  rak@klinglerlaw.com
                                              *Attorney for Plaintiff Mark Hehman*